*Friday, September 17, 1999*

## DISCIPLINARY DOCKET

**99–1109.  Disciplinary Counsel v. Doe.**
On June 14, 1999, movant, Disciplinary Counsel, filed a motion requesting this court to issue an order directing respondent to appear and show cause why he should not be held in contempt for failing to comply with requests for information and with a subpoena *duces tecum* issued by the Board of Commissioners on Grievances and Discipline. On June 14, 1999, movant also filed a motion to file its motion under seal. Upon consideration thereof,

IT IS ORDERED by this court that the motion to seal be and is hereby granted until further order of this court. It is further ordered that the motion to appear and show cause be and is hereby granted to the extent that respondent show cause by filing a written response with the Clerk of this court on or before twenty days from the date of this order why respondent should not be held in contempt. It is further ordered that if respondent fails to show cause, respondent will be indefinitely suspended until respondent fully complies.

IT IS FURTHER ORDERED, *sua sponte,* that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte,* that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

## MISCELLANEOUS DOCKET

In re Report of the Commission
on Continuing Legal Education.                      :                      1999 TERM

:

Edward Donald Hayman                      :
( # 0001128),                      :                      ENTRY
Respondent.

This matter originated in this court on the filing of a report by the Commission on Continuing Legal Education (the "commission") pursuant to Gov.Bar R. X(6)(A)(1)(b) and (A)(2)(d). The commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 1996–1997 reporting period.

On July 30, 1999, this court adopted the recommendation of the commission, imposed a sanction fee upon the respondent and suspended the respondent from the practice of law pursuant to Gov.Bar R. X(6)(B)(3),and Gov.Bar R. X(5)(A)(4). The court further ordered that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in Gov.Bar R. X(7).

On August 23, 1999, the commission filed a recommendation pursuant to Gov.Bar R. X(7)(B)(2), finding that the respondent has paid all fees assessed for noncompliance, has made up all deficiencies and is now in full compliance with all requirements of Gov.Bar R. X, and recommending that the respondent be reinstated to the practice of law in Ohio. On August 23, 1999, the commission certified that respondent had completed the credit hours of continuing legal education required during his suspension by this court's order of suspension. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission is adopted and respondent, Edward Donald Hayman, is hereby reinstated to the practice of law.